```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────
ANTHONY PERKINS,
                                          11 Civ. 3855 (JGK)
                    Petitioner,
                                          MEMORANDUM OPINION
         - against -                      AND ORDER

THOMAS LAVALLEY,

                    Respondent.
────────────────────────────────────
```

JOHN G. KOELTL, District Judge:

　　The petitioner has moved for a stay of his petition for habeas corpus so that he may exhaust various claims in state court.

　　The Court may stay a habeas petition to allow for exhaustion of claims in state court if the petitioner can demonstrate that: (1) good cause exists for failing to exhaust the claims previously, (2) the claims are potentially meritorious, and (3) the petitioner did not intentionally engage in dilatory litigation tactics. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005); Vasquez v. Parrott, 397 F. Supp. 2d 452, 464 (S.D.N.Y. 2005).

　　Shortly after the motion for a stay was filed, the petitioner sent to the Court a recently-filed state court petition, pursuant to New York Criminal Procedure Law § 440.10 (the "§ 440.10 Petition"), to vacate the state criminal conviction that is the subject of his original petition before

this Court. The § 440.10 Petition contains the following claims: (1) that the prosecutor knowingly allowed false testimony at the petitioner's 2007 trial; (2) that the prosecutor withheld exculpatory evidence the disclosure of which was required pursuant to Brady v. Maryland, 373 U.S. 83 (1963); and (3) that the petitioner received ineffective assistance of counsel. See Petition Pursuant to N.Y. Crim. Proc. Law § 440.10, Perkins v. LaValley, No. 11 Civ. 3855, ECF No. 30 (S.D.N.Y. Feb. 7, 2012) ("§ 440.10 Petition"), at 10, 13, 18. The petitioner seeks to exhaust these claims in state Court before proceeding with his petition. See Motion for a Stay, Perkins v. LaValley, No. 11 Civ. 3855, ECF No. 27 (S.D.N.Y. Feb. 3, 2012). The original petition before this Court raised different claims, namely, (1) that the verdict was against the weight of the evidence; (2) that the consent to search the petitioner's home was invalid and that critical evidence therefore should have been suppressed; (3) that the state did not prove the physical injury element of the crime of robbery by legally sufficient evidence; and (4) that the sentence was excessive.

Under Rhines, it is the petitioner who has the burden of demonstrating "good cause" for his failure to exhaust previously any unexhausted claims. See, e.g., Ayuso v. LaValley, No. 12 Civ. 0932, 2012 WL 1531036, at *1 (E.D.N.Y. May 1, 2012). The

"good cause" requirement "is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary pro se prisoner.'"  Rhines, 544 U.S. at 279 (Stevens, J., concurring) (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)).  The good cause requirement is not met in this case.

In this case, the petitioner has offered no explanation for his failure to exhaust (or even to raise) the claims asserted in the § 440.10 Petition prior to the time that he filed the original petition in this case.  While the petitioner argues that the prosecutor's alleged misrepresentation that all Brady material had been turned over constitutes "good cause" in this case, he does not explain when he had notice of the alleged Brady violation, or his counsel's alleged ineffective assistance, and whether he had such notice prior to the time he filed his original petition.  In any event, the new arguments raised in the § 440.10 Petition would be barred in this Court even if they were exhausted, because they were first raised over a year after the petitioner's state conviction became final in August, 2010, see 28 U.S.C. § 2244(d)(1)(A), and because neither the petitioner nor the record indicates how the new claims relate back to the claims raised in the original petition.[1]

---

[1] The Supreme Court explained in Pace that, where a petitioner is concerned about the one year statute of limitations, the proper procedure is to file a "protective" petition for habeas corpus in federal court within the statute of limitations, and then

The petition in this case was filed in May, 2011, and the respondent responded to the petition in October, 2011. While the petitioner asserts, and the respondent does not dispute, that the petitioner has not intentionally engaged in dilatory litigation tactics, the Court has granted numerous extensions of time for the petitioner to file his reply to the respondent's opposition to the petition. A stay would unnecessarily delay a decision on the original petition, particularly where, as here, the stay is sought in order to exhaust claims that are time-barred and not reviewable by this Court. A stay under <u>Rhines</u> is only appropriate in "limited circumstances," because "[s]tay and abeyance, if employed too frequently, has the potential to undermine the[] twin purposes" of finality and streamlined review embodied by the federal habeas statute. <u>See</u> <u>Rhines</u>, 544 U.S. at 276-77. In this case, those limited circumstances do not exist.

**Accordingly,** the motion for a stay of the petition is **denied**.

---

request a stay and abeyance while any unexhausted claims are exhausted. <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416-17 (2005). In this case, the § 440.10 Petition containing wholly new and unexhausted claims was filed after the respondent moved to dismiss the original petition, and after the motion for a stay. The original petition in this case cannot be considered "protective" of unexhausted claims that are unrelated to claims raised either in previous state proceedings, or in the original federal petition.

4

The petitioner should reply to the respondent's opposition to the petition by **June 25, 2012**. In his reply, the petitioner may request that the Court delete any claims that he concedes are unexhausted and consider only exhausted claims. See Rhines, 544 U.S. at 278. The petitioner need not file a request to amend the petition for this purpose. If the petitioner does not make such a request, the Court will consider the arguments with respect to the allegedly exhausted claims in the original petition when the petition is fully briefed.

## CONCLUSION

The Court has carefully considered all of the parties' arguments. To the extent not specifically addressed above, they are either moot or without merit. For the reasons stated above, the petitioner's motion to stay the petition is **denied**.

**The Clerk is directed to close Docket No. 30.**

SO ORDERED.

Dated:   New York, New York
         May 30, 2012

_____
John G. Koeltl
United States District Judge